IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CONNIE WATKINS BARLOW,         )
                               )
         Plaintiff,            )
                               )
    v.                         ) Civil Action No. 07-902
                               )
MICHAEL J. ASTRUE,             )
COMMISSIONER OF                )
SOCIAL SECURITY,               )
                               )
         Defendant.            )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 15th day of September, 2008, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, granted and the Commissioner's motion for summary judgment (Document No. 10) be, and the same hereby is, denied. The Commissioner's decision of October 30, 2006, will be reversed and this case will be remanded to the Commissioner for further proceedings consistent with this opinion pursuant to sentence 4 of 42 U.S.C. §405(g).

⁕AO 72
(Rev 8/82)

When the Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed ....'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003) (quoting Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)).

Plaintiff protectively filed her application for disability insurance benefits on April 18, 2005, alleging a disability onset date of January 1, 2000, due to depression. Her application was denied initially. At plaintiff's request, an ALJ held a hearing on August 23, 2006, at which plaintiff, represented by counsel, appeared and testified. Also testifying at that hearing were plaintiff's husband and a vocational expert. On October 30, 2006,

AO 72
(Rev 8/82)

the ALJ issued a decision finding that plaintiff is not disabled. On April 4, 2007, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

For purposes of plaintiff's Title II application, the ALJ found that plaintiff met the disability insured status requirements of the Act on her alleged onset date but that she only had acquired sufficient coverage to remain insured through June 30, 2002. Accordingly, to be entitled to Title II benefits, plaintiff bears the burden of proving that she became disabled prior to the expiration of her disability insured status on June 30, 2002.

Plaintiff was 36 years old on her alleged onset date and is classified as a younger person under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has a high school education and completed secretarial school. She has past relevant work experience as a benefits administrator for a bank, but she has not engaged in any substantial gainful activity since her alleged onset date.

After reviewing the medical records and hearing testimony from plaintiff, her husband and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the ALJ found that plaintiff suffers from the severe impairments of major depressive disorder (recurrent), personality disorder, sleep apnea, and a history of questionable left anterior/inferior glenoid labrum tear, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed in Appendix 1 of the regulations.

The ALJ also found that plaintiff retains the residual functional capacity to perform work at any exertional level but with certain nonexertional restrictions arising from her impairments. (R. 17). While concluding that plaintiff is unable to perform her past relevant work with the stated restrictions, a vocational expert did identify numerous categories of jobs at various exertional levels which plaintiff could perform based upon her age, education, work experience and residual functional capacity, including janitor, laundry worker, laundry and garment folder and surveillance system monitor. Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(1)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a

claimant is under a disability.[1] See 20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). Generally, if the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff challenges the ALJ's decision on two grounds: (1) the ALJ improperly evaluated the medical evidence and improperly substituted her own lay opinion for that of her treating physicians; and, (2) the ALJ failed to address the hearing testimony of plaintiff's husband. After reviewing the ALJ's decision and the record, the court finds that this case must be reversed and remanded for consideration of plaintiff's husband's testimony and how, if at all, it might affect the ALJ's assessments of plaintiff's functional limitations, credibility and residual functional capacity.

At plaintiff's hearing on August 23, 2006, plaintiff offered the testimony of her husband, Thomas Barlow, who testified, *inter alia*, as to plaintiff's depressive symptoms, her interactions with

---

[1] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1520. In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §404.1520a.

him and their children, her decision-making abilities and her ability to react to conflict. Included in his testimony was a discussion of plaintiff's symptoms as they existed prior to the expiration of her insured status. Mr. Barlow was questioned by both plaintiff's counsel and the ALJ and his testimony comprises approximately seven pages of the thirty-three page hearing transcript. (R. 216-223).

In her written decision of October 30, 2006, however, the ALJ never addressed nor even referred to Mr. Barlow's testimony. The introductory paragraph of her decision notes that plaintiff appeared and testified at the hearing and that a vocational expert also appeared. No mention was made of Mr. Barlow. Likewise, Mr. Barlow's testimony was not taken into account in the ALJ's analysis of the medical evidence and of plaintiff's credibility nor in her assessment of plaintiff's residual functional capacity.

It is axiomatic in social security cases that, although the ALJ may weigh the credibility of the evidence, she must give some indication of the evidence that she rejects and her reasons for discounting that evidence. Fargnoli, 247 F.3d at 43. Where an ALJ fails to consider and explain her reasons for discounting all of the relevant evidence before her, both medical and non-medical, she has not met her responsibilities under the Act and the case must be remanded. Burnett v. Apfel, 220 F.3d 112, 122 (3d Cir. 2000).

Here, the ALJ did not adequately consider and explain her reasons for rejecting or discounting all of the relevant evidence,

in particular the hearing testimony of plaintiff's husband, which the ALJ failed to even acknowledge in her decision. It is not possible for this court to conduct meaningful judicial review of the ALJ's decision when she not only failed to offer any reasons for rejecting this testimony, but completely ignored it altogether.

Although the Commissioner sets forth various reasons in his brief why plaintiff's husband's testimony would not have affected the ALJ's ultimate disability determination, this court can only analyze the ALJ's decision itself and determine if it is supported by substantial evidence, and an ALJ's decision cannot be upheld based on after-the-fact justifications raised by the Commissioner on judicial review.

Moreover, the testimony of John Barlow cannot merely be brushed aside as not relevant. The regulations explicitly provide that the Commissioner is to consider "all evidence in your case record" in making a disability determination, 20 C.F.R. §404.1520, and numerous regulations expressly allude to the relevance of non-medical source testimony, and in particular, the testimony of a claimant's spouse, as it relates to a claimant's impairments and ability to work (20 C.F.R. §404.1513(d)(4)), a claimant's functional limitations arising from mental impairments (20 C.F.R. §404.1520a(c)(1)), a claimant's credibility (20 C.F.R. §1529(a) and (c)(3), and a claimant's residual functional capacity (20 C.F.R. §1545(a)(3). See also SSR 96-5p; SSR 96-7p.

AO 72
(Rev. 8/82)

Here, the ALJ rendered an adverse credibility determination without any consideration of whether Mr. Barlow's testimony may have bolstered plaintiff's subjective complaints. She also rejected the assessment of plaintiff's treating physician as being not consistent with the objective evidence of record without taking into account <u>all</u> of that evidence, including the testimony of plaintiff's husband, which may have been consistent with the treating physician's opinion.

The Third Circuit Court of Appeals on more than one occasion has remanded a case to the Commissioner where the ALJ failed to address, or failed to explain the rejection of, non-medical testimony. <u>Burnett</u>, 220 F.3d at 122 (ALJ instructed to consider testimony of claimant's husband and neighbor on remand); <u>Van Horn v. Schweiker</u>, 717 F.2d 871, 873 (3d Cir. 1983) (ALJ expected to address testimony of non-medical witnesses). Likewise, this court must do so in this case.

On remand, the ALJ must specifically consider plaintiff's husband's testimony as it relates to plaintiff's impairments, limitations, credibility and residual functional capacity, as well as the effect, if any, of plaintiff's husband's testimony on an evaluation of the medical evidence. The ALJ, of course, does not have to accept that testimony, so long as she properly evaluates that evidence as she would other relevant evidence and gives some indication as to any reasons she may have for rejecting or discounting it.

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Commissioner for further proceedings consistent with this opinion.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Joanna P. Papezakos, Esq.
    Caroselli, Beachler, McTiernan & Conboy
    312 Boulevard of the Allies
    8th Floor
    Pittsburgh, PA 15222

    Lee Karl
    Assistant U.S. Attorney
    U.S. Post Office & Courthouse
    700 Grant Street, Suite 400
    Pittsburgh, PA 15219

AO 72
(Rev 8/82)